Oldham, J., delivered the opinion of the court. This was a proceeding by’indictment in the circuit court, under the 7 sec., art. 3d, 5 div. of the 44 chapter of the Revised Statutes, which prohibits, under penalty of fine and imprisonment, any person from “conveying into any jail or .place of confinement any disguised instrument, arms, or other thing, proper or useful to aid any prisoner in his escape, with the intent thereby to facilitate the escape of any prisoner lawfully committed,” &c. The indictment charges that Hughes “conveyed into the" jail and penitentiary house of the State of Arkansas a certain instrument of writing, a thing proper and useful to aid one John Pence to escape,” &c. It is a rule, never to be departed from, that criminal statutes must be strictly construed. This rule is founded alike upon policy as well as humanity, designed for the protection of the citizen, unless he is clearly charged, and proven guilty, of a violation of a positive' enactment of law. By the application of this rule we cannot possibly see how the defendant below violated the statute in question, by the means charged against him. How the instrument of writing could be proper and useful to ¡-..J the. prisoner in his escape we cannot conceive. ’ The paper produced in evidence upon the trial advised Pence that he “could be relieved from his unhappy situation,” but the mode and means of escape are not stated. It also led him to expect and hope for aid and assistance to effect his escape. The paper itself could be of no possible advantage to the prisoner; the information which it conveyed to him might have been conveying information to a prisoner, but does not come within the prohibition of the enactment. If it does, there is no distinction made between transmitting it by writing and communicating it verbally. Had Hughes verbally conveyed the information to Pence, which he did by means of the written instrument, it would not be contended, for a moment, that he hád violated the statute in question, and yet' it would have been of the same advantage to the prisoner. The design of the act was to prohibit the conveying to prisoners in confinement any substantial, tangible thing, which might be used or handledby them in facilitating or effecting their escape; but conveying information to a prisoner, by which he is led to expect aid, or that he could be released, or conveying to him any substance, which could in itself be in nowise useful or of advantage to him in mating his escape, does not come within the prohibition. The act proven upon Hughes is certainly a great offence against public justice, and most strongly addresses itself to the legislative department of the State for a remedy, but until a remedy is provided by proper authority., such offenders must be suffered to go at large unwhipt of justice; Let the judgment be reversed.